

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TALMON HEGWOOD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 7220 |
| v. ) | |
| ) | Judge John W. Darrah |
| CHARLES LEACH, JILL STEVENS, ) | |
| RICHARD DORONIUK, MAHMAUD SHAMAH, ) | |
| JOHN M. CHAVEZ, SARGENT SHIELDS, ) | |
| RICK SCHMITZ, FRANK DEBONI, ) | |
| THOMAS RILEY, DIANA GARCIA-CARMILLO, ) | |
| WEST SUBURBAN HOSPITAL, and ) | |
| SIX UNKNOWN CHICAGO POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Talmon Hegwood Jr. ("Hegwood"), a *pro se* Plaintiff, filed suit in the Circuit Court of Cook County, Illinois, against Defendants – Charles Leach, Jill Stevens, Richard Doroniuk, Mahmaud Shamah, John M. Chavez, Sargent Shields, Rick Schmitz, Frank DeBoni, Thomas Riley, Diana Garcia-Carmillo, West Suburban Hospital, and six unknown Chicago police officers – alleging conspiracy to violate Plaintiff's civil rights under 42 U.S.C. §§ 1983, 1985, and 1986. Subsequently, West Suburban Hospital removed the action to the United States District Court for the Northern District of Illinois, Eastern Division. Presently pending before the Court is West Suburban Hospital's Motion to Dismiss.

## BACKGROUND

A reading of Hegwood's Complaint supports the following summary of the alleged conduct of the parties.

Hegwood, an African American, was arrested for allegedly possessing less than fifteen grams of cocaine. Following Hegwood's arrest and booking, Chicago Police Officers Charles Leach and Jill Stevens brought Hegwood to West Suburban Hospital's emergency room. Hegwood observed two of the Defendants, Sargent Shields and Dr. Rick Schmitz, engaged in a conversation when he arrived to the emergency room. Dr. Schmitz would later treat Hegwood in West Suburban Hospital's emergency room. Hegwood requested that Schmitz take x-rays of his jaw. Dr. Schmitz refused to order the x-rays. After examining Hegwood's jaw and prescribing Tylenol, Dr. Schmitz discharged Hegwood from West Suburban Hospital. Hegwood alleges West Suburban Hospital participated with the Chicago police and other defendants in a conspiracy to violate Hegwood's civil rights.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint that would make out a claim." *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297

(7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

West Suburban Hospital presents several arguments as to why most of Plaintiff's Complaint should be dismissed.

### Section 1983 Claim

West Suburban Hospital argues that the § 1983 claim should be dismissed because Hegwood fails to state a claim upon which relief can be granted.

"In order to state a claim under § 1983 a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000); *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994). To determine whether Hegwood's stated a cause of action under § 1983, the Court must determine whether West Suburban Hospital's alleged conduct deprived Hegwood of a right secured by the Constitution. Hegwood alleges West Suburban Hospital "intentionally, willfully, and maliciously failed to provide Hegwood with x-rays for his visible injury" because he is an African-American. Hegwood sufficiently alleges West Suburban Hospital deprived him of equal protection under the Fourteenth Amendment.

West Suburban Hospital also argues the § 1983 claim should be dismissed against it because Hegwood has not alleged that West Suburban Hospital acted under the color of law.

A plaintiff need only allege private individuals are jointly engaged with state officials in the prohibited action. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). "To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful

3

participant in joint activity with the State or its agents." *Adickes*, 398 U.S. at 152 (citing *United States v. Price*, 398 U.S. 787, 794 (1966)). Hegwood alleges West Suburban Hospital "conspired with [Officers] Leach, Stevens, Sargent Shields, and others known and unknown to Hegwood" to deprive Hegwood of equal protection under the Fourteenth Amendment. Hegwood also alleges he was refused a proper examination of his injuries because of his race. Accordingly, Hegwood states a cause of action under § 1983.

### Section 1985 Claim

West Suburban Hospital argues that the § 1985 claim should be dismissed because Hegwood does not allege West Suburban Hospital participated in the purported conspiracy.

To state a claim under § 1985, a complaint must allege a conspiracy for the purpose of depriving any person of the equal protection of the laws and an act in furtherance of the conspiracy whereby a person is injured or deprived of any right or privilege of a citizen of the United States. 42 U.S.C. § 1985(3); *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996). Hegwood alleges West Suburban Hospital entered into a conspiracy with the Chicago police officers to "deprive HEGWOOD of equal protection secured to Hegwood by the Fourteenth Amendment." Hegwood further alleges West Suburban Hospital took action in the conspiracy by failing to provide him with medical attention whereby he was deprived of equal treatment afforded to patients of other races.

West Suburban Hospital argues that Hegwood failed to allege West Suburban Hospital itself had entered into the conspiracy. Specifically, West Suburban Hospital contends that it is not enough for a plaintiff to allege employees or agents of the institution participated in the conspiracy. Plaintiff alleged in the Complaint that he was denied an x-ray examination of his injuries while being treated

in the emergency room at West Suburban Hospital. Whether West Suburban Hospital had acted to deprive Hegwood of his equal protection rights is a question of fact that cannot be decided in a motion to dismiss. Accordingly, Hegwood sufficiently alleges a cause of action under § 1985.

*Section 1986 Claim*

West Suburban Hospital argues that the § 1986 claim should be dismissed because Hegwood does not allege elements required to state a claim under § 1986.

Liability under § 1986 rests upon "knowledge that any of the conspiratorial wrongs are about to be committed, power to prevent or to aid in preventing the commission of those wrongs, neglect to do so, where the wrongful acts were committed, and the wrongful acts could have been prevented by reasonable diligence." *Bell v. City of Milwaukee*, 746 F.2d 1205, 1233 (7th Cir. 1984); 42 U.S.C. § 1986. West Suburban Hospital argues Hegwood failed to allege that West Suburban Hospital had knowledge of the conspiratorial wrongs, had power to prevent the commission of those wrongs, or that the wrongful acts could have been prevented by reasonable diligence. Hegwood is not required to plead the facts or elements of a claim. *Swierkiewicz*, 534 U.S. at 511. Hegwood is required to make a short, plain statement which suffices if it notifies the defendant of the principal events. *Hoskins*, 320 F.3d at 764. Hegwood alleges West Suburban Hospital conspired with the Chicago police officers to deprive Hegwood of "equal protection secured to Hegwood by the Fourteenth Amendment." Hegwood alleges West Suburban Hospital took action in the conspiracy by failing to provide him with medical attention allegedly provided to similarly injured patients of different races. Whether West Suburban Hospital had any knowledge of the purported conspiracy is a

5

question of fact that cannot be decided in a motion to dismiss. Hegwood sufficiently alleges West Suburban Hospital's involvement in the alleged conspiracy to violate his equal protection rights. Accordingly, Hegwood states a cause of action under § 1986.

## CONCLUSION

For the foregoing reasons, West Suburban Hospital's Motion to Dismiss is denied.

Dated: August 22, 2005

JOHN W. DARRAH
United States District Judge

6